# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.

**GUSTAVO ADOLFO YABRUDI**

Case Number. 8:18-cr-411-CEH-AEP
USM Number: 17352-104

Leonardo E. Concepcion, Retained

---

## AMENDED JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Information. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | Beginning on an unknown date, but at least as early as in or around August 2011, and continuing through and including at least in or around May 2017 | One |

Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

I have executed within RE-TIMESERVED per BOP
Judgment and Commitment on 1/20/2022

United States Marshal

By: _____
USMS Criminal Section

Case 8:18-cr-00411-CEH-AEP  Document 68  Filed 01/21/22  Page 2 of 8 PageID 430
Case 8:18-cr-00411-CEH-AEP  Document 67  Filed 01/14/22  Page 2 of 7 PageID 423

Page 2 of 7

Gustavo Adolfo Yabrudi
8:18-cr-411-CEH-AEP

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

July 31, 2019

*Charlene Edwards Honeywell*

CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

January __14__, 2022

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: C.Roberts

Gustavo Adolfo Yabrudi
8:18-cr-411-CEH-AEP

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served.

All other terms and conditions of the original judgment will remain in effect.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By: _____

Deputy U.S. Marshal

Gustavo Adolfo Yabrudi
8:18-cr-411-CEH-AEP

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of 36 months.

## MANDATORY CONDITIONS

1.  Defendant shall not commit another federal, state or local crime.
2.  Defendant shall not unlawfully possess a controlled substance.
3.  The mandatory drug testing provisions of the Violent Crime Control Act are suspended. However, the Court orders Defendant to submit to random drug testing not to exceed 104 tests per year.
4.  Defendant shall cooperate in the collection of DNA, as directed by the probation officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached pages).

Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Case 8:18-cr-00411-CEH-AEP  Document 68  Filed 01/21/22  Page 5 of 8 PageID 433
Case 8:18-cr-00411-CEH-AEP  Document 67  Filed 01/14/22  Page 5 of 7 PageID 426

Page 5 of 7

Gustavo Adolfo Yabrudi
8:18-cr-411-CEH-AEP

## STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.

3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.

4. Defendant must answer truthfully the questions asked by Defendant's probation officer

5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.

7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

**Gustavo Adolfo Yabrudi**
**8:18-cr-411-CEH-AEP**

10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

Gustavo Adolfo Yabrudi
8:18-cr-411-CEH-AEP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

None.

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment * | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $100.00 | N/A | WAIVED | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

A-Z Topics    Site Map    FOIA

Search bop.gov

| Home | About Us | Inmates | Locations | Careers | Business | Resources | Contact Us |

# Find an inmate.

Locate the whereabouts of a federal inmate incarcerated from 1982 to the present. Due to the First Step Act, sentences are being reviewed and recalculated to address pending Good Conduct Time changes. As a result, an inmate's release date may not be up-to-date. Website visitors should continue to check back periodically to see if any changes have occurred.

### Find By Number          Find By Name

Type of Number          Number

BOP Register Number ⌄          17352104          Search

Result using number **17352104**          🗑 Clear Form



## GUSTAVO ADOLFO YABRUDI

Register Number: 17352-104

Age:    43
Race:   White
Sex:    Male

Released On: 01/20/2022

Related Links

Call or email
Send mail/package
Send money
Visit
Voice a concern

About the inmate locator & record availability

| About Us | Inmates | Locations | Careers | Business | Resources | Resources For ... |

About Us — About Our Agency, About Our Facilities, Historical Information, Statistics

Inmates — Find an Inmate, First Step Act, Communications, Custody & Care, Visiting, Voice a Concern

Locations — List of our Facilities, Map of our Locations, Search for a Facility

Careers — Life at the BOP, Explore Opportunities, Current Openings, Application Process, Our Hiring Process

Business — Acquisitions, Solicitations & Awards, Reentry Contracting

Resources — Policy & Forms, News Stories, Press Releases, Publications, Research & Reports

Resources For ... — Victims & Witnesses, Employees, Federal Executions, Former Inmates, Media Reps

Contact Us | FOIA | No FEAR Act | Privacy Policy | Information Quality | Website Feedback
USA.gov | Justice.gov | Open Government